ENGBERG v. VICTORIA COPPER MINING CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — PERSONAL INJURIES—DEPENDENTS.

In proceedings by the father and mother for the death of a son under the workmen's compensation act, it was improper to take into consideration the changed condition of the father, and the fact that he earned a lower daily wage, after the son's death.

2. SAME—DEDUCTIONS FOR DECEDENT'S SUPPORT.

Where the industrial accident board, in determining the dependency of the father and mother, and in making an award for the death of a son, erred in refusing to make proper deduction for the support of the son, the cause will be remanded for further proceedings and the application of the proper rules of law pursuant to the opinion.

Certiorari to Industrial Accident Board. Submitted April 16, 1918. (Docket No. 90.) Decided June 3, 1918.

Mary Engberg and Axel Engberg presented their claim for compensation against the Victoria Copper Mining Company for the accidental death of their son in defendant's employ. From an order awarding compensation, defendant brings certiorari. Reversed, and remanded.

*Hanchette & Lawton,* for appellant.

*E. A. McNally,* for appellee.

STONE, J. Albert Engberg, who was the son of Axel Engberg and Mary Engberg, the claimants, was 19 years of age, unmarried, and lived with his parents. On December 6, 1916, Albert was accidentally killed at the mine of the respondent. Claimants made application for compensation under the workmen's compensation act, and the case duly went to arbitration, and

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

at the hearing before the committee of arbitration, the attorney for the respondent stated:

"We admit that Albert Engberg, the intestate, was an employee of the Victoria Copper Mining Company, and met with an accident that was the cause of his death while in the company's employ; that the respondent here has elected to abide by the compensation law. The accident arose out of his employment, and in the course of his employment. He has not filed any notice of election not to abide by the act. The only question in dispute is the dependency of Mary Engberg, the mother of deceased, and the extent of such dependency."

(Axel Engberg, the father, was by stipulation later admitted as a joint claimant.)

"The company claims that the father and mother, or neither of them, were dependent upon this young man's wages for their support; that he made no contributions towards their support, as contemplated by the law." * * *

Respondent's counsel also stated:

"It is admitted that the average weekly wage of Albert Engberg, for the year immediately preceding the accident which caused his death was $15.11 per week, and for the next preceding year his average weekly wage was $10.84 per week, and that for the next preceding year his average weekly wage was $8.65 per week."

After hearing evidence the committee of arbitration awarded to the applicants the sum of $5.148 per week for a period of 300 weeks. From this award respondent appealed to the industrial accident board, and it may be said that the only question involved is that of dependency. Additional testimony was taken before the full board, and the hearing resulted in a finding and order affirming allowance, to claimants, but slightly increasing the amount to $5.24. Among other findings of the industrial accident board are the following:

"The proofs also show that the father's health is not the best, he having been compelled to give up his employment as an underground miner, subsequent to the death of the deceased, although previous to the date of the death he had been employed under ground quite steadily, at a daily wage of $3.25.   *   *   *

"That under the Michigan workmen's compensation law the cost of the board of the deceased should not be deducted from the amounts that the deceased contributed to his father and mother, as there are no provisions in the workmen's compensation law under which the cost of board could be deducted."

There was testimony to the effect that after the death of Albert, and after the making of the claim of April, 1917, the father changed his job on account of poor health; that instead of working under ground where he had for a number of years earned $3.25 a day, he did surface work at $2.65 a day. Without detailing all of the facts, it sufficiently appears that the industrial accident board in making its award erred in not applying to the facts, the proper legal principles. It was improper to take into consideration the changed condition of the father, and the fact that he earned a lower daily wage, after the son's death. What occurred after the death of Albert, as to the earnings of the father or mother was immaterial.

In *Miller* v. *Cartage Co.*, 189 Mich. 360, we said:

"Questions as to who constitute dependents, and the extent of their dependency, are to be determined as of the date of the accident to the employee, and their right to any death benefit becomes fixed as of such time, irrespective of any subsequent change of conditions."

That it is the condition existing at the time of the accident which determines the question of dependency, see, also, *Finn* v. *Railway*, 190 Mich. 112.

The instant claim was acted upon by the board, October 31, 1917, about two months before the handing down of the opinion of this court in *Moll* v. *City*

*Bakery*, 199 Mich. 670. We think that opinion is decisive of the instant case. Chief Justice KUHN, speaking for the court in that case, said:

"In determining the question of the dependency of the parents, the board refused to take into consideration the cost of the son's support. It is conceded that the cost of the maintenance of the deceased son would be, if allowed at a reasonable figure, $4 per week, and it is the claim of respondents that this should have been deducted from the family expenses, when the dependency of the parents is considered; and it is their claim that the money devoted to the decedent's own support could not at the same time be devoted to the support of his parents. The board was of the opinion:

" 'That there is nothing in the compensation law which would suggest any deduction for board of a son in a case of this kind.'

"But in our opinion this overlooks a fundamental principle underlying the law, and that is that it was adopted to compensate for a loss, and that the loss in every case must be determined by the facts in that particular case."

We see no distinction in principle between the cases. In the *Moll Case* it appeared that, deducting the $4 per week, there was no dependency.

Applying the proper rules of law as here indicated, in the instant case there may be a reduced dependency. The amount, if any, we shall not undertake to determine from this record. Applying the rule stated in *Carpenter* v. *Forging Co.*, 191 Mich. 45, the order of the industrial accident board will be reversed, and the case remanded for such further hearing therein before the board as the parties may desire.

It is so ordered.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.