### Charles Holmberg's (dependent's) Case.

Berkshire.    September 10, 1918. — October 10, 1918.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Pierce, JJ.

*Workmen's Compensation Act*, Dependency.

Under St. 1911, c. 751, Part II, § 7, as amended by St. 1914, c. 708, § 3, a child under eighteen years of age by a former husband of the widow of a deceased employee, who was a member of the employee's family at the time of his death, not being one of his next of kin, cannot receive compensation as a dependent.

Under St. 1911, c. 751, Part II, § 7, as amended by St. 1914, c. 708, § 3, a child under eighteen years of age of a deceased employee by a former wife, having therefore no surviving parent, who was not living with the deceased employee at the time of his death, is conclusively presumed to have been wholly dependent upon his father for support; and, where there are also a surviving widow and a child of her and the deceased employee, who were living with the employee at the time of his death, the compensation under the workmen's compensation act is to be awarded in equal shares to the widow and the two mentioned children of the employee, the third part due to the child of the widow to be paid to the widow, and the third part due to the child by the former wife to be paid to his guardian.

Appeal to the Superior Court under St. 1911, c. 751, Part II, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to Matilda

Holmberg as the dependent widow of Charles Holmberg, a deceased employee, and to Neilson Holmberg and Ernest Holmberg, sons of the deceased employee under eighteen years of age.

In the Superior Court the case was heard by *Hitchcock*, J. The evidence reported by the Industrial Accident Board is described in the opinion. The judge made a decree in accordance with the decision of the board ordering "that the total dependency compensation of $10 a week for four hundred weeks be divided equally between the three claimants, and that the insurer pay the sum of $3.33⅓ each week to each of the following claimants, namely, Matilda Holmberg, widow, Neilson Holmberg, a son, and Ernest Holmberg, a son of the deceased employee, Charles Holmberg, the amount due to Neilson Holmberg to be paid to Matilda Holmberg for the benefit of said Neilson Holmberg, and the sum due Ernest Holmberg to be paid to his guardian or legal representative for his benefit." Matilda Holmberg appealed.

*P. J. Moore*, for the dependent widow.

*R. M. Stevens*, for Ernest Holmberg.

CROSBY, J. This is a proceeding under the workmen's compensation act. Charles Holmberg, the employee, received personal injuries arising out of and in the course of his employment which resulted in his death. He left a widow, Matilda, and their child, Neilson Holmberg. Mrs. Holmberg's daughter Alice, a child of a former marriage, lived with the employee and her mother at the time of his decease. The employee also left a son Ernest Holmberg, a child by a former wife, who lived with the decedent's daughter in Wisconsin. All the above named children are under the age of eighteen years. The question at issue is, Who are entitled as dependents to share in the payments due on account of the death of the employee?

It is the contention of the widow that she is entitled as sole dependent to the total compensation due under the act. As the widow was living with her husband at the time of his death, she is conclusively presumed to be wholly dependent upon him for support: St. 1911, c. 751, Part II, § 7 (a).

The widow's daughter Alice, although a member of the employee's family at the time of his decease, not being his child, is not entitled to compensation under St. 1911, c. 751, Part II, § 7, as amended by St. 1914, c. 708, § 3; nor is she entitled to com-

pensation under the last paragraph of § 7, because, as was said in *Coakley's Case*, 216 Mass. 71, at page 73, "'all other cases,' and 'such other cases,' . . . must mean cases other than those specifically provided for in paragraphs (a), (b) and '(c) of the section." *McNicol's Case*, 215 Mass. 497.

The son Ernest Holmberg, a child by a former wife, and under the age of eighteen years, is conclusively presumed to be wholly dependent for support upon the deceased employee under paragraph (c) of § 7, because as to him there is no surviving parent. The fact that Ernest was not living with his father at the time of the decease of the latter does not affect the presumption. There is nothing in the statute correctly construed which provides that the child of a former marriage shall be living with the employee at the time of his (the employee's) death to be entitled to compensation.

Under the workmen's compensation act as originally enacted (St. 1911, c. 751, Part II, § 7) it was held in *Coakley's Case, supra,* that if the employee was survived by a wife who was living with him at the time of his death and by children of such wife, and also by a child of a former wife who was under the age of eighteen years and who was living with him at the time of his death, such child by a former wife, having no surviving dependent parent, was conclusively presumed to be wholly dependent, as was the widow, and entitled to share equally with her the compensation payable under the act.

It followed that, under § 7 as originally enacted, the children of the deceased who were also children of the widow were not conclusively presumed to be dependent because as to them there was a surviving parent; but, after the decision in *Coakley's Case*, apparently to remedy this inequality between children of the employee and the widow and children of a former marriage and for the purpose of permitting all children of the deceased to share equally in the payments of compensation under the act, § 7 was amended by St. 1914, c. 708, § 3, which provides in part as follows: "(c) A child or children under the age of eighteen years, . . . upon the parent with whom he is or they are living at the time of the death of such parent, there being no surviving dependent parent: provided, that in the event of the death of an employee who has at the time of his death a living child or children

by a former wife or husband, under the age of eighteen years, . . . said child or children shall be conclusively presumed to be wholly dependent for support upon such deceased employee, and the death benefit shall be divided between the surviving wife or husband and all the children of the deceased employee in equal shares, the surviving wife or husband taking the same share as a child. The total sum due the surviving wife or husband and her or his own children shall be paid directly to the wife or husband for her or his own use and for the benefit of her or his own children, and the sums due to the children by the former wife or husband of the deceased employee shall be paid to their guardians or legal representatives for the benefit of such children."

It is plain that under the statute above quoted and in force at the time of the death of the employee, the total compensation found to be due by the Industrial Accident Board was correctly determined by it, and is to be apportioned equally between the widow and each of the surviving children of the deceased employee, — the compensation due to Neilson Holmberg to be paid to the widow, and the sum due to Ernest Holmberg to be paid to his guardian.

The decree is to be modified by providing that the amount due Ernest Holmberg shall be paid to his guardian; and as so modified it is affirmed.

*So ordered.*