## WILLIAM RESSI'S (dependent's) CASE.

Suffolk.    October 18, 1921. — November 23, 1921.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Dependent, Procedure.

In a proceeding under the workmen's compensation act, it appeared that the employee had died eleven months after he had received an injury arising out of and in the course of his employment and that the claimant was a daughter of the employee who was living with him when he was injured and that she became eighteen years of age after the injury but before the death of the employee. The Industrial Accident Board made a decision, approving and adopting findings and rulings of a single member of the board, that the claimant "lived with her father at the time of his injury and death; was under the age of eighteen years at the time of his injury; and is conclusively presumed to be wholly dependent upon him for support and is entitled to a weekly compensation of $10 for a period of four hundred weeks, subject to the provisions of the act." Upon certification to the Superior Court, a decree was entered in accordance with the decision of the board. *Held*, that
    (1) The decision and decree disregarded the admitted fact that the claimant was eighteen years of age when the employee died;
    (2) Under G. L. c. 152, § 32 (c), the ruling that the claimant was "conclusively presumed to be wholly dependent upon" the employee was error;
    (3) The case must be remanded to the Industrial Accident Board for determination of the question of dependency "in accordance with the fact as the fact may be at the time of the injury."

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board, affirming and adopting findings and rulings of

a single member of the board that the claimant, Mary Resse *
"lived with her father [the employee William Ressi] at the time
of his injury and death; was under the age of eighteen years
at the time of his injury; and is conclusively presumed to be
wholly dependent upon him for support and is entitled to a weekly
compensation of $10 for a period of four hundred weeks, subject
to the provisions of the act."

The case was heard in the Superior Court by *Sanderson,* J.
Material evidence and facts appearing in the record are described
in the opinion. A decree was entered in accordance with the
decision of the Industrial Accident Board; and the insurer appealed.

The case was submitted on briefs.

*G. Gleason,* for the insurer.

*J. B. Cummings & J. M. Rosenthal,* for the claimant.

PIERCE, J. This is an appeal by the insurer from a decree of
the Superior Court affirming a finding of the Industrial Accident
Board, which on review had affirmed and adopted the findings
and rulings of the single member of the board. St. 1911, c. 751,
and amendments thereto; now G. L. c. 152.

The member upon the reported evidence warrantably found as
a fact and ruled as a matter of law within the meaning of St.
1911, c. 751, Part II, § 7; G. L. c. 152, § 32, that the claimant
Mary Resse lived with her father, William Ressi, when he received
an injury arising out of and in the course of his employment on
January 22, 1920, and when, as a result of the injury, he died on
November 13, 1920. The evidence further supports the finding
that the father was a widower and that the claimant was under
the age of eighteen years at the time of his injury.

Upon the above findings the member made a further finding
and ruling that the claimant "is conclusively presumed to be
wholly dependent upon him [the father] for support and is entitled
to a weekly compensation of $10 for a period of four hundred
weeks, subject to the provisions of the act." This last finding
and ruling manifestly overlooks the testimony of the claimant and
the admitted fact that Mary Resse became eighteen years of age
on April 18, 1920, and consequently was over the age of eighteen

---

* The claimant testified "that her father always spelled his name 'Ressi,'
but that she always spelled her name 'Resse.' "

years at the time of the father's death on November 13, 1920; and in so doing disregards the provision of St. 1911, c. 751, Part II, § 7 (see now G. L. c. 152, § 32), which reads: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . . (c) . . . children under the age of eighteen years . . . upon the parent with whom . . . they are living at the time of the death of such parent, there being no surviving dependent parent. . . . In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury; . . ." It follows that the member and the Industrial Accident Board should have found as a fact the degree of the claimant's dependency "in accordance with the fact, as the fact may be at the time of the injury," and should not have ruled on the facts reported that the claimant was within the statute, or one of the class of persons by statute "conclusively presumed to be wholly dependent for support upon a deceased employee."

The decree of the Superior Court must be reversed and the case remanded to the Industrial Accident Board for a determination of dependency in accordance with the fact.

*Decree accordingly.*