WILLIAM RESSI'S (dependent's) CASE.

Suffolk. November 13, 1922. — January 9, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Dependent, Amount of compensation, Procedure.

A finding of the Industrial Accident Board, in proceedings under the workmen's compensation act, upon evidence which warrants the finding, that, during the year previous to his injury, a deceased employee contributed to the support of a claimant, his daughter, and that at the time of the injury she was dependent upon him, will not be disturbed although it appears that the employee contributed no support to his daughter during the eight weeks previous to his injury.

In proceedings under the workmen's compensation act money paid by a father to his dependent child for vacation purposes may be a contribution for the child's support and the question whether it is contributed for his support is a question of fact to be determined by the Industrial Accident Board.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board finding and ruling that Mary Resse was entitled as partially dependent upon her father, the deceased employee, to $5.16 a week for a period of five hundred weeks from January 22, 1920, beginning on November 13, 1920, the date of the employee's death.

This case previously was before this court and is reported in 240 Mass. 136. After rescript it was remanded to the Industrial Accident Board to determine the claimant's dependency at the time of the employee's injury and again was certified to the Superior Court. Material facts found by the board are described in the opinion. By order of *Sisk*, J., a decree was entered in accordance with the decision of the Industrial Accident Board subject to the provisions of the act. The insurer appealed.

The case was submitted on briefs.

*G. Gleason*, for the insurer.

*J. B. Cummings & J. M. Rosenthal*, for the claimant.

CARROLL, J. When this case was before us, *Ressi's Case*, 240 Mass. 136, it was decided that the claimant, being over eighteen years of age when her father died, was not "conclusively

presumed to be wholly dependent [upon him] for support;" and the case was remanded to the Industrial Accident Board to determine the question of the claimant's dependency at the time of her father's injury. At the hearing, the Industrial Accident Board decided that the deceased employee paid from his earnings during the year prior to his death for the support of the claimant, the sum of $340.70; that his earnings for that year were $660.23; and awarded compensation of $5.16 a week for a period of five hundred weeks from January 22, 1920, beginning November 13, 1920, the day of the employee's death. In the Superior Court a decree was entered directing the payment of the sum for a period of five hundred weeks from the date of the injury, beginning at the date of the employee's death, subject to the provisions of the act. From this decree the insurer appealed.

The claim of the insurer is that because the father did not contribute to the claimant's support during the eight weeks previous to his injury, the board could not find that she was dependent on her father's earnings at the time of his injury. It was found that the father did contribute from his earnings to the support of his daughter during the year preceding the injury, and that she was dependent upon him when he was injured. These findings were warranted. The claimant must be dependent upon the employee when the injury occurs, but in determining this question the board took into account all the facts, including the relationship of the parties and the contributions made from the employee's earnings to his daughter's support during the year preceding the injury. These facts were important in deciding the question of dependency at the time of the injury, and the finding of the Industrial Accident Board on this point cannot be disturbed. G. L. c. 152, § 1, cl. 3. G. L. c. 152, § 32. *McMahon's Case*, 229 Mass. 48, 50.

There was evidence to sustain the finding that the employee contributed to the claimant's support during the year preceding his injury to the extent of $340.70. The claimant testified that among other items paid for her support by her father, were $100 for her board and $20 "when she went off on a trip." The insurer contends that the amount allowed for board was too large, and that the $20 paid for her trip should not be taken into account in determining the amount contributed for her support. The

claimant testified that the sum of $100 was paid by her father; and although the amount paid by her father for her board might be found to have been less than $100, we cannot say that there was no evidence to support this finding. As to the $20 paid for the claimant's vacation, it was a question of fact for the board to decide whether money paid for such purpose was paid for her support. Money contributed to a dependent child must be paid for the child's support if it is to be considered in determining the extent to which the parent contributed; but money used for a vacation of a child may be a contribution for her support. All the facts and circumstances must be taken into account. It is a matter which rests largely in the sound and wise discretion of the board. Under the circumstances disclosed in this case, we find no error of law in taking this item into account in determining the extent of the claimant's dependency.

*Decree affirmed.*