HUDSON *v.* CITY OF FLINT.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DIVORCED WIFE "FORMER" WIFE.

> Under subdivision *c*, § 6, pt. 2, of the workmen's compensation act, as amended by Act No. 64, Pub. Acts 1919, a divorced wife of a deceased employee is a "former" wife, although he never remarried and at the time of his death was a single man, and therefore his daughter by said wife, under 16 years of age, living with her mother, who had married again, was entitled to compensation under the provisions of said section.

Certiorari to Department of Labor and Industry. Submitted July 1, 1924. (Docket No. 15.) Decided July 24, 1924.

Elizabeth F. Hudson, an infant, by her guardian, presented her claim for compensation against the city of Flint for the accidental death of her father in defendant's employ. From an order awarding compensation, defendant and the Hartford Accident & Indemnity Company, insurer, bring certiorari. Affirmed.

*Kerr, Lacey & Scroggie,* for appellants.

*A. J. Michelson,* for appellee.

STEERE, J. Plaintiff, Elizabeth F. Hudson, was born on October 2, 1919, and is the daughter of Avera M. Hudson, a motor-cycle policeman in the employ of the city of Flint who, on June 28, 1923, while in the performance of his official duties, was shot and instantly killed by a person driving an automobile. He was a single man at the time of his death, but was

On divorce as affecting right of child to compensation, see notes 8 A. L. R. 1114; 13 A. L. R. 729.

married to one Anna Wegener at Denison, Texas, on September 9, 1918, where they lived together for a time and then removed to Flint, Michigan, where they continued to live together as husband and wife until October, 1921, when his wife left him on her own volition and returned to Texas, taking plaintiff with her, and on April 5, 1922, obtained a divorce against deceased in Grayson county, Texas, service upon him being had by publication. She was given custody of their child but asked no alimony for either and no provision was made in the decree on that subject.   On October 9, 1922, plaintiff's mother was married, in Texas, to one Hugh Moore.   Plaintiff lived with her mother continuously from the time the latter left deceased until the hearing in this case, at which time they were living in the city of Flint, where her mother's present husband was working in an automobile factory.   After she left deceased, his wife did not ask or receive from him any money or other contribution for support either for herself or their daughter either before or after her divorce.   She was duly appointed guardian of the estate of plaintiff in Genesee county, Michigan, by the probate court of that county and gave the required bond, which was duly approved and filed by the court as required by law.   The deputy commissioner on arbitration, and the full commission of the department of labor and industry on appeal, found that plaintiff was the only child of deceased by a former wife, as such conclusively presumed to be wholly dependent upon him at the time of his death, and, there being no other dependents, awarded her full compensation provided by the act for the death of an injured employee.

The facts are undisputed.   The only question raised by defendants is the construction of subdivision (c) of section 6, part 2, of the workmen's compensation law, as amended by Act No. 64, Pub. Acts 1919 (Comp.

Laws Supp. 1922, § 5436), which provides in part as follows:

"SECTION 6. The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:   *   *   *

"(*c*) A child or children under the age of sixteen years   *   *   *   upon the parent with whom he is or they are living at the time of the death of such parent:   *Provided,* That in the event of the death of an employee who has at the time of his or her death, a living child or children by a former husband or wife, under the age of sixteen years   *   *   * said child or children shall be conclusively presumed to be wholly dependent for support upon such deceased employee, even though not living with the deceased employee at the time of his or her death."   *   *   *

The contention rests on the import of the phrase "a living child or children by a former husband or wife." For plaintiff it is contended that under the undisputed evidence and plain letter of the law she is a living child by a former wife and therefore conclusively presumed to be wholly dependent and entitled to compensation.   For defendants it is contended that the words "former husband or wife" necessarily refers to one who preceded another of a later date; that the adjective "former" means first in time, and can only be correctly used in reference to something which preceded something of like nature, or similar, under consideration or referred to; in other words the deceased employee must have been married more than once and, to bring the case fairly within the meaning of the statute, had a living wife at the time of his death.

Concededly the word "former" may have variations of meaning according to the connection in which it is used, and it may in certain connections contemplate the antecedent of one of two things, or persons, as defendants contend for here; but the outstanding thought conveyed by it in whatever connection used

is a preceding time, often exclusively applied as an adjective to the name of a thing or subject under consideration not then existent. At the time Hudson was killed he was a single man. Plaintiff was his only child, born in lawful wedlock, and her mother was then his wife. When he died she was not his wife but formerly had been. Those relations would seem to be clearly and correctly covered by calling her his former wife. Concededly the wife a man formerly had must be dead or divorced before he can legally have another. The statute in its provision for the living child of his former wife imposes no condition that she shall have died or that he should have remarried. If so intended it could have been made clear in a few simple words. The legislative intent governs if discernible. The provision in controversy is an amendment of section 6 of part 2 of the workmen's compensation law. Subdivision (*c*) did not, prior to the amendment, contain the proviso quoted (*vide* 2 Comp. Laws 1915, § 5436), nor did it afford under all circumstances equal protection to all children of a deceased employee. The conclusive presumption of dependency applied only to his children living with him at the time of his death, "there being no surviving parent," and in all other cases dependency was left open to be determined as a question of fact existing at the time of the injury. Apparently the intent of the amendment was to remedy that inequality and permit all children of the deceased to share equally in the award.

Few decisions can be found which throw any light on this question. Defendants' counsel cite *Burton* v. *State,* 51 Tex. Cr. App. 196 (101 S. W. 226), and *Holmberg's Case,* 231 Mass. 144 (120 N. E. 353); while plaintiff's counsel cite *Cropsey* v. *Ogden,* 11 N. Y. 228, and *Anderson* v. *Gilchrist,* 44 Ohio St. 440 (8 N. E. 242). The *Burton Case* involved a conviction

for bigamy in which appellant made the contention that the words "former wife or husband living" could not apply to the accused as he had but one wife at the time of his bigamous marriage which being invalid did not supply him with another to whom his lawful wife was "former." The court thought such contention somewhat "hypercritical" and held that under the rules of construction of criminal statutes in that State the former wife was referred to in contradistinction to the woman then sought to be taken as a wife. The *Cropsey Case* involved a New York statute concerning divorce, which prohibited a person whose marriage was dissolved on account of his or her adultery remarrying "during the lifetime of any former husband or wife of such person." We do not discover that the question involved here was there raised, but, so far as indicated, the court treated it as a valid and enforceable law.

In the *Anderson Case,* Joseph and Jane Anderson were husband and wife. No issue was born of their marriage, neither had ever been married except to the other, Joseph died testate leaving his entire estate to his wife, Jane, who survived him and died intestate. In a contest between the collateral heirs of Joseph and Jane, interpretation of the following provision in a section of an Ohio inheritance law was involved:

"When the relict of a deceased husband or wife shall die intestate, and without issue, possessed of any real or personal estate which came to such intestate *from any former deceased husband or wife* by deed of gift, devise or bequest, or under provision of section 4159, then such estate, real and personal, shall pass to and vest in the children," etc.

Of this provision the court said:

"The term 'any former deceased husband' in section 4162, Rev. St., refers to *any* husband who has deceased having a widow to whom any real estate or personal

property has passed by virtue of the provisions of said section, and is not confined in its application to cases where the widow has had two or more husbands who are deceased."

*Holmberg's Case,* cited by appellants, is nearer analogous than the others in the particulars that it involved a proceeding under the Massachusetts compensation act, similar in purpose and many of its provisions to ours, where the deceased employee left a widow and child by her, and also a child by a former marriage who lived with decedent's daughter in another State. His surviving widow had a daughter by a former marriage who was a member of his family at the time of his decease. The three children were all within the age covered by the Massachusetts compensation act. The original provisions of that act relative to compensation for minor children of a deceased employee had also been amended. Of the widow's daughter by a former marriage the court held, under a provision of the act cited, that although a member of the employee's family at the time of his decease, she was not entitled to compensation, "not being his child." Of the rights of his own children under the amendment the court said in part:

"Under the workmen's compensation act as originally enacted (St. 1911, chap. 751, pt. 2, § 7) it was held in *Coakley's Case,* 216 Mass. 71 (102 N. E. 930), that if the employee was survived by a wife who was living with him at the time of his death and by children of such wife, and also by a child of a former wife who was under the age of eighteen years and who was living with him at the time of his death, such child by a former wife, having no surviving dependent parent, was conclusively presumed to be wholly dependent, as was the widow, and entitled to share equally with her the compensation payable under the act. It followed that, under section 7 as originally enacted, the children of the deceased who were also children of the widow were not conclusively presumed to be dependent because as to them there was a sur-

viving parent; but after the decision in *Coakley's Case,* apparently to remedy this inequality between children of the employee and the widow and children of a former marriage and for the purpose of permitting all children of the deceased to share equally in the payments of compensation under the act section 7 was amended," etc.

Counsel for defendants say that the son by a former wife was conclusively presumed to be wholly dependent upon deceased for support in that case "because there was no surviving parent and nothing in the statute providing that a child of a former marriage should be living with the employee at the time of his death to be entitled to compensation."

In the instant case there is not only no "surviving dependent parent," as the Massachusetts act specifies, but our law makes no exception in case of a surviving parent and expressly provides that the conclusive presumption exists "even though" the child is not living with the deceased employee at the time of his death. We do not discover that anywhere in that opinion the court essayed to define the meaning of "former husband or wife," but it did distinctly state that the purpose of the act as amended was to provide compensation equally for all children of a deceased employee within compensable age. We are of opinion that such was the purpose and fairly inferable legislative intent in enacting the amendment of our workmen's compensation law involved here. The interpretation given the questioned wording was grammatically permissible and in harmony with the spirit of the act.

The award will stand affirmed.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.