RUNNION v. SPEIDEL.

1. WORKMEN'S COMPENSATION—DEPENDENCY—DATE OF ACCIDENT.
   Under the workmen's compensation act whether or not a person is a dependent and the degree of dependency, whether whole or partial, must be determined as of the date of fatal accident, not of ensuing death (2 Comp. Laws 1929, §§ 8421, 8423).

2. SAME—CONCLUSIVE PRESUMPTION OF DEPENDENCY OF CHILDREN.
   Children, to be conclusively presumed to be entitled to death benefits under workmen's compensation act, must be dependents at time of injury to employee and under the age of 16 at time of employee's death (2 Comp. Laws 1929, § 8422).

3. SAME—DEPENDENCY—WHEN QUESTION OF FACT.
   Dependency of children who are under 16 at time of fatal accident to employee but reach that age before his death therefrom is not conclusively presumed, but it is a question of fact (2 Comp. Laws 1929, § 8422).

Appeal from Department of Labor and Industry. Submitted October 2, 1934 (Docket No. 18, Calendar No. 37,866.) Decided December 11, 1934.

Anna V. Runnion presented her claim against Louis E. Speidel, employer, and Globe Indemnity Company, insurer, for accidental injury resulting in death of Robert Runnion. From award granting compensation to Roberta Runnion and Alice Margret Runnion, defendants appeal. Reversed and remanded for further proceedings.

*E. Dean Alexander,* for defendants.

BUSHNELL, J. The only question in this case is that stated in appellant's brief:

"Is a child, of a former wife, under 16 years of age at the time that its parent is accidentally injured, but over 16 years of age at the time of the death of said parent from said injuries, entitled to the conclusive presumption of dependency under 2 Comp. Laws 1929, § 8422?"

The department of labor and industry answered "Yes," and the appellants contend the answer should be "No."

Runnion was injured November 28, 1928. He applied for and was granted compensation for 10 weeks' total disability on March 3, 1931. He filed a petition for further compensation on December 14, 1932, but died on June 7, 1933, before his petition was heard. Anna Runnion, who claimed to be his wife, then filed a petition and was denied compensation, the department, however, finding that two daughters, the children of a deceased wife, were conclusively presumed to be dependents and entitled

to compensation at the rate of $18 per week for 64 weeks from the 7th day of June, 1933. The daughter Roberta became 16 years of age on November 24, 1929, and Alice became 16 on September 15, 1932.

The material parts of the statutes involved will be quoted for the purpose of clarifying the issue:

"If death results from the injury, the employer shall pay, or cause to be paid, subject, however, to the provisions of section twelve hereof, in one of the methods hereinafter provided, to the dependents of the employee, wholly dependent upon his earnings for support at the time of the injury," etc. 2 Comp. Laws 1929, § 8421.

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: * * *

"(b) A child or children under the age of sixteen years, or over said age, if physically or mentally incapacitated from earning, upon the parent with whom he is or they are living at the time of the death of such parent: *Provided,* That in the event of the death of an employee who has at the time of his or her death, a living child or children by a former husband or wife or children who have been deserted by said deceased employee under the age of sixteen years, or over said age, if physically or mentally incapacitated from earning, said child or children shall be conclusively presumed to be wholly dependent for support upon said deceased employee, even though not living with the deceased employee at the time of his or her death. * * * In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury." 2 Comp. Laws 1929, § 8422.

"Questions as to who constitute dependents and the extent of their dependency shall be determined

as of the date of the accident to the employee, and their right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions." 2 Comp. Laws 1929, § 8423.

The commissioners deemed *Miller* v. *Riverside Storage & Cartage Co.,* 189 Mich. 360, to be controlling. The *Miller Case,* like others we cite, did not involve the question of conclusive but of actual dependency. See, also, *Ludwig* v. *American Car & Foundry Co.,* 194 Mich. 613; *Kalcic* v. *Newport Mining Co.,* 197 Mich. 364; *Moll* v. *City Bakery,* 199 Mich. 670; *Engberg* v. *Victoria Copper Mining Co.,* 201 Mich. 570; *Brown* v. *Long Manfg. Co.,* 213 Mich. 221; *Finney* v. *City of Croswell,* 220 Mich. 637. Some of the cases of conclusive dependency. are *Finn* v. *Railway,* 190 Mich. 112 (L. R. A. 1916 C, 1142, 13 N. C. C. A. 187); *Doherty* v. *Township of Grosse Isle,* 205 Mich. 592; *King* v. *Peninsular Portland Cement Co.,* 216 Mich. 335; *Hudson* v. *City of Flint,* 227 Mich. 615; *Kimber* v. *Michigan Light Co.,* 229 Mich. 663.

The Massachusetts compensation act has a similar section; statute 1911, chap. 751, part 2, § 7 (General Laws, 1921, chap. 152, § 32), reads:

"SEC. 32. The following persons shall be conclusively presumed to be wholly dependent upon a deceased employee. * * *

"(c) Children under the age of eighteen years (or over said age, if physically or mentally incapacitated from earning) upon the parent with whom they are living at the time of the death of such parent, there being no surviving dependent parent; provided, that in the case of the death of an employee who has at the time of his death living children by a former wife or husband, under the age of eighteen years (or over said age if physically or mentally incapac-

itated from earning), said children shall be conclusively presumed to be wholly dependent for support upon such deceased employee. * * *

"In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact as the fact may be at the time of the injury."

In *Ressi's Case*, 240 Mass. 136 (133 N. E. 566), affirmed in 243 Mass. 528 (137 N. E. 703), an employee died 11 months after an injury. The claimant was held by the board and the superior court to be conclusively presumed to be dependent. The supreme court held that the decision of the board and the decree of the superior court disregarded and manifestly overlooked the admitted fact that the claimant was over 18 at the time of the father's death, and stated that it follows that the member of the industrial accident board should have found as a fact the degree of the claimant's dependency "in accordance with the fact as the fact may be at the time of injury" and should not have ruled on the facts reported that the claimant was within the statute or one of the class of persons by statute "conclusively presumed to be wholly dependent for support upon a deceased employee."

We see no conflict between 2 Comp. Laws 1929, §§ 8421, 8422 and 8423.

Section 8421 determines the method of computing the compensation to be awarded to the actual dependents of a deceased employee. The degree of dependency, whether whole or partial, must be determined as of the date of the accident.

By subdivisions (a) and (b) of section 8422, the dependency, in such cases as fall within the terms of the section, is conclusively presumed to exist. But

before any person may be wholly, partially, or conclusively presumed to be dependent he or she must first be brought within the class of those who constitute dependents. No claimant can bring himself or herself within the provisions of the act, except by establishing that on the date of the accident he or she was within the class of persons described in the last part of section 8422(b):

"No person shall be considered a dependent unless he or she is a member of the family of the deceased employee, or unless such person bears to said deceased employee the relation of husband or widow, or lineal descendant, or ancestor, or brother or sister."

Whether or not a person is one of a class of dependents is to be determined, according to section 8423, as of the date of the accident, and not as of the date of the death of the injured employee.

Construing a similar statute, Wisconsin Statutes, § 2394–10, subds. 3, 4, and 5, the Wisconsin court said:

"Having in mind, no doubt, that many perplexing questions would be presented the exact nature of which could not be foreseen, the legislature by subd. 5 provided that all questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the employee, and their right to any death benefit shall become fixed as of such time, irrespective of any change in conditions, and makes the death benefit payable directly to the dependent, his guardian or trustee," etc. *Kuetbach* v. *Industrial Com'n,* 166 Wis. 378 (165 N. W. 302, L. R. A. 1918 F, 476).

Applying the reasoning of the Wisconsin case to the facts in the instant case, both girls were within

the class of dependency described in the last paragraph of section 8422, but to be entitled to the conclusive presumption they must be within the class on the date of injury and under the age of 16 at the time of their father's death.

We have construed 2 Comp. Laws 1929, § 8422, in *Hudson* v. *City of Flint, supra:*

"The provision in controversy is an amendment of section 6 of part 2 of the workmen's compensation law. Subdivision (c) did not, prior to the amendment, contain the proviso quoted, * * * nor did it afford under all circumstances equal protection to all children of a deceased employee. The conclusive presumption of dependency applied only to his children living with him at the time of his death, 'there being no surviving parent,' and in all other cases dependency was left open to be determined as a question of fact existing at the time of the injury. Apparently the intent of the amendment was to remedy that inequality and permit all children of the deceased to share equally in the award."

Both children being over the age of 16 at the time of Runnion's death, neither may recover on the ground that they are conclusively presumed to be wholly dependent upon the deceased employee. The order must be reversed because of the department's erroneous application of the statute. Whether there was actual dependency, total or in part, at the time of the injury is a question of fact.

The award is reversed and the case remanded for such further hearing therein before said department as the parties may desire.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.