## STATE ex rel. GRIGSBY, Co. Atty., v. STOKES, et ux.

No. 19128.   Opinion Filed March 18, 1930.

J. D. Grigsby, Jr., Co. Atty. of Cleveland County, and Jack W. Page and Roy Lewis, Assts. Co. Atty., for plaintiff in error.

Abernathy & Howell, for defendants in error.

HALL, C. This was an action involving a proceeding to restrain or prevent the sale of premises under execution. The ground of objection is that the property levied on under the execution was a homestead. The parties here on appeal occupy the same position as they occupied in the trial court. The essential facts are as follows:

The defendants S. D. Stokes and Mrs. S. D. Stokes signed a supersedeas bond in a criminal action wherein their son was convicted of a felony. The bond was executed in Cleveland county, but the defendants in error reside in Pottawatomie county, and upon a certain tract of land, the principal subject-matter of this controversy. At the time they executed the bond, and for 13 or 14 years prior thereto, they had resided on this tract of land, and it was their homestead.

The bond was executed before the court clerk of Cleveland county; and, at the time of its execution, and it seems as a prerequisite to its approval, the defendant S. D. Stokes executed a special qualifying clause written upon the bond that he was at the time the owner of certain exempt property. In this list of exempt property, he included his homestead, describing it and declaring it nonexempt, or not his homestead. Mrs. S. D. Stokes, his wife, did not sign this clause, but it is alleged, and not disputed, that she signed the bond with full knowledge that her husband had declared in that instrument that the particularly described property was not their homestead. The title to the property was vested in him. The allegations pertaining to this matter are to this effect:

"That the said defendant S. D. Stokes, and his wife, Mrs. S. D. Stokes, * * * signed said supersedeas bond knowing that the defendant S. D. Stokes had qualified as hereinafter stated, and that the land hereinafter described had been scheduled on said bond."

The obligations set forth in the bond were breached; that is, the principal became a fugitive from justice. An action was brought on behalf of the state and judgment was rendered against the principal and sureties.

Execution was issued and this property described in the qualifying clause on the bond, and the homestead of these sureties was levied on by the sheriff of Pottawatomie county. The judgment debtors, the defendants, lodged their motion in the district court of that county, and in the action in which judgment was rendered, asking that the execution be withdrawn and that other similar proceedings be enjoined. After due notice to the adverse parties and a hearing, the motion was sustained, recalling the execution and adjudging the premises levied on to be and to have been the homestead of the judgment debtors, the defendants in error. The plaintiff, the judgment creditor, appealed.

It was conclusively shown, and it is practically conceded by plaintiff, that at the time of the execution of the bond, and at all times subsequent thereto, such property was actually occupied as a homestead by the defendants. Attorneys for plaintiff seek to subject the premises to the operation of the execution, upon the ground of estoppel by conduct; that is, by reason of declarations in writing by the husband contained in the special qualifying clause on the bond, to which it is claimed the wife freely assented.

Defendant in this court defends the action on two grounds: First, that they at all times in question were in the actual occupancy of the premises or property sought to be subjected to the execution, and that, in fact, the property at all times was their homestead; second, that Mrs. S. D. Stokes did not sign the false statement as to the homestead character of the property, and that she did not aid or abet or conspire with her husband to perpetrate the alleged fraudulent conduct.

Evidently the trial court largely decided the case on the first proposition. At least, this is clearly indicated from a statement of the case in the brief of plaintiff herein, which, in so far as a statement of fact goes, is accepted by counsel for defendant. The statement is that:

"The defendant Mrs. S. D. Stokes did not sign a schedule on the appeal bond, but did sign the bond in the presence of her husband and permitted her husband to sign the qualification in her presence, in which he stated that the property in question was above his debts, liabilities and exemptions. No question was raised in the lower court as to this particular proposition."

Having reached the conclusion that the first ground of defense urged by the defendants must be well taken, and this ground

of defense being all-embracing, it completely disposes of all phases of the case. It will be unnecessary for us to consider the second ground, and we shall therefore consider only the first.

We fully appreciate the fact that the plaintiff does not contend that the premises were impressed with a lien by reason of representations, claimed to have been expressly made by the husband and impliedly made by the wife, of the nonhomestead character of the property. In this connection, plaintiff cites a well-known text, Corpus Juris, vol. 29, p. 958, which says:

"The right to claim a homestead may be lost by estoppel through the acts, representations, or omissions of the homestead claimant, provided all the elements of an estoppel are present."

The above statement of the rule is undoubtedly established law.

The remaining portion of the paragraph of the text reads as follows:

"But it has been held that, so long as the owner is in possession of his homestead, no conduct on his part can estop him from claiming the exemption."

It will be thus seen that that portion of the text which the plaintiff omitted, places a different complexion altogether upon the rule.

A careful examination of the authorities will reveal the following defects in plaintiff's contention: Except in rare and under unusual circumstances, it is universally held that the principle of estoppel based upon representations, express or implied, or recitals that property is not a homestead, will not operate against the person so making these representations, where the property is in actual use as a homestead even when these representations, statements in writing and affidavits, are made by the husband or wife or both. 29 C. J., pp. 914-915, and cases therein cited. To use the exact language of the text, which was gleaned from the authorities by the authors of Corpus Juris, at p. 915, vol. 29, the rule is thus stated:

"* * * On the other hand, where property is in actual use as a homestead, neither representations made by husband or wife, or both, * * * will estop the party so representing from claiming the statutory exemption."

The reason for the rule is that the homestead and exemption laws, wherever existent in this state or otherwise, are designed to protect absolutely the homestead against forced sale for the payment of debts, except the particular debts mentioned in the statutory or constitutional provisions. Our Constitution, section 2, art. 12, expressly says that:

"The homestead of the family shall be and is hereby protected from forced sale for the payment of debts (except for certain things therein enumerated and not involved in this action)."

The basis of the rule is that the physical facts (the actual use and occupancy of the premises) charge all persons with notice of the homestead character of the occupied property. Where the persons who are entitled to the homestead protection are in actual occupancy of the premises used as a homestead, to permit a statement, written or otherwise, to be made by them, the husband or wife or both, to the effect that such property is not being used as a homestead and not claimed as such, and to permit such statement to work an estoppel against the claim of homestead rights, when met at the door or the gate by the sheriff with an execution for its sale, would defeat the very purpose of the Constitution. If this could be done, that which the law and the Constitution prohibits from being directly done, could be done by indirection; and what is considered as one of the important safeguards in modern state government would be in a large measure lost.

The state of Arkansas had a Constitution, which, among other safeguards, prohibited the mortgaging of the homestead. Several instances occurred where the parties attempted to evade that provision of the law by having the homestead claimants make solemn and formal statements that the premises, though in actual use and occupancy as a homestead, were not used or claimed as such. The Supreme Court of that state, in the case of Klenk v. Knoble, 37 Ark. 298, in forceful and unmistakable language, gave as the reason for the rule against such attempted subversion of the constitutional provision, as follows:

"Actual residence is a palpable thing of which everyone must take notice, and any attempt by a lender to take, or a borrower to give, a mortgage on an actual residence, must of necessity be an effort to evade the constitutional policy. It would be mere child's play to enable the lender to neutralize that, by exacting from the borrower a statement in the instrument, denying the character of the property, and then closing his mouth by an estoppel."

For a full discussion of this matter, the parties are referred to the case of Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13

S. W. 12. There are no contrary authorities. 29 C. J. 915. See, also, the cases of Farmers State Bank v. Farmer (Tex. Civ. App.) 157 S. W. 283; McNair v. Fortner, 149 Ga. 654, 101 S. E. 772, and Williams v. Swetland, 10 Iowa, 51.

The Arkansas and Texas cases above referred to involve an estoppel to claim a homestead as against a mortgage, where the mortgage had been executed upon property which the mortgagors declared not to be homestead property at the time the mortgage was executed. However, as stated by counsel for defendant in error, there is no difference in the constitutional provisions of the different states **in so far as the principles involved in estoppel are concerned.** In other words, the principle of estoppel works or ceases to work upon one specific provision regarding the homestead exemption in the same manner as it operates or ceases to operate on all the others. To contend otherwise would be absurd and would be advancing a distinction without any character of legal difference.

The above rule might be, or perhaps is, subject to the exception that when a person occupies as a residence two or more places (for example, one in the country and one in town) under such circumstances that either may be his homestead according to his intentions, it is evident that the physical facts alone cannot be relied upon as giving notice that either property is homestead as against the other. Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680. We can readily perceive how a situation of that nature could arise; but that situation is not involved in the present case.

Counsel for plaintiff rely with considerable assurance upon the New York case of McMahon v. Cook, Sheriff, 94 N. Y. S. 1018. That case bears but little relationship to the present case. The New York case involved property to which the statutes extended a general exemption because it was purchased from funds derived from a pension from either the state or federal government. The homestead character of the property was wholly absent. In the case before us, the homestead character of the property in actual use and occupancy is present; and in such a case no rule of estoppel will be permitted to defeat it.

For the reasons herein stated, the judgment of the trial court is hereby affirmed.

HERR, REID, and DIFFENDAFFER, Commissioners, concur. BENNETT and EAGLETON, Commissioners, concur in result.

By the Court: It is so ordered.