UTAH GALENA CORPORATION et al. v. INDUSTRIAL COMMISSION et al.

No. 5212. Decided November 19, 1931. (5 P. [2d] 242.)

*Richards & Richards*, of Salt Lake City, for plaintiffs.

*Geo. P. Parker,* Atty. Gen., and *I. E. Brockbank,* of Provo, for defendants.

FOLLAND, J.

This is an original proceeding to review an award of the Industrial Commission of Utah, wherein Burt L. Fullmer, age 19, and La Mar A. Fullmer, age 16, sons of Parley P. Fullmer, were awarded compensation for the death of their father resulting from an accident arising out of or in the course of his employment with the Utah Galena Corporation. The only question presented by this appeal is whether, under the provisions of Comp. Laws Utah 1917, subsection 5 of section 3140, as amended by Laws of Utah 1921, c. 67, the Industrial Commission may under any circumstances award compensation on account of dependency to a male child over the age of 16 at the time of the death of the parent, and who is not physically or mentally incapacitated from earning. Subsection 5 of section 3140 is as follows:

"The following persons shall be presumed to be wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with whom she lives at the time of his death.

"(b) A female child or female children under the age of eighteen years and a male child or male children under the age of sixteen years (or over such ages if physically or mentally incapacitated from earning), upon the parent with whom he is living at the time of the death of such parent.

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless a member of the family of the deceased employee, or bears to him the relation of husband or widow, lineal descendant, ancestor, or brother or sister. The word 'child' as used in this title shall include a posthumous child, and a child legally adopted prior to the injury. Half brothers and sisters shall be included in the words 'brother or sister' as above used."

It is the contention of plaintiffs that by subdivision (b) of paragraph 1 of subsection 5 it was the legislative intent

to create a presumption of dependency in case of a male child under 16 years of age living with the parent and to permit a longer dependency if the evidence should show that he was physically or mentally incapacitated from earning, but that such language limits the power of the commission so that it may not find dependency and award compensation to a male child over 16 years of age and not mentally or physically incapacitated from earning, and therefore that the commission erred in finding that Burt L. and La Mar A. Fullmer were dependent on their deceased father, because both were over the age of 16 at the time of his death and neither of them was mentally or physically incapacitated from earning, notwithstanding it appears from the evidence that each of them had been either partly or wholly supported by the father prior to and at the time of his death. The statute does not warrant the construction contended for by plaintiffs. The first paragraph of subsection 5 prescribes the classes of persons who shall be presumed to be wholly dependent. A case of dependency is made out under such provision by proof of the facts there indicated without proof of actual dependency. Only persons meeting the requirements of subdivisions (a) and (b) of such paragraph are presumed to be dependent, but it does not follow that a widow or child not within these classes must be denied compensation. There is no express language either in this paragraph or elsewhere in the statute which declares that compensation shall not be paid to a male child over the age of 16 and who is not incapacitated from earning; nor is there anything in the statute requiring that a person must be physically or mentally incapable of supporting himself in order to be adjudged a dependent. *Peterson* v. *Industrial Accident Commission,* 188 Cal. 15, 204 P. 390; *Hartford Accident & Indemnity Co.* v. *Industrial Accident Commission et al.,* 197 Cal. 17, 239 P. 330. We think no implication can arise from the language in subdivision (b) that it was the legislative intent to restrict the payment of compensation to male children under 16 and only after that age if physically or mentally incapacitated from earning.

All that is there said is that these are the only ones presumed to be dependents. The second paragraph of subsection 5 declares that "in all other cases," that is, in all cases other than those covered by subdivisions (a) and (b) of the first paragraph, "the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee." This court has held that "all other cases necessarily means all those cases to which the presumption does not apply and which are within the provisions of the statute." *Sarich* v. *Industrial Commission,* 64 Utah 17, 227 P. 1039, 1040, 35 A. L. R. 1062. Under the first paragraph the persons therein described are presumed dependents as a matter of law resulting from the relationship therein specified when they are living with the deceased at the time of his death. Under the second paragraph persons within the classes mentioned may take compensation because of their condition as dependents in whole or in part on the deceased employee at the time of the injury suffered by him. The right to compensation under the second paragraph depends not alone on membership in one of the classes therein specified, but also upon dependency which is a fact to be proven as any other fact. Among the classes mentioned in the second paragraph are "lineal descendants," which includes sons. The applicants here because of age and capacity are not within the provisions of the first paragraph, but are within the class of persons subject to the provisions of the second paragraph, and are entitled to compensation if the facts existing at the time of the injury are sufficient to support a finding of dependency.

It is contended, however, by plaintiffs that the mere fact a male child may be receiving support from a parent is not sufficient to make him a dependent. Plaintiffs' position is thus stated in their brief:

"The statute uses the word dependent not the word support, and to determine the question of dependency, it is not material whether the male child over the age mentioned has been an object of voluntary

assistance by the parent. The question rather is, has the child the ability or capacity to earn and if there is not mental or physical handicap in this regard then we take the position that a fair construction of our statute precludes such male child from being considered either partially or wholly dependent upon the deceased parent."

Since there is nothing in the statute requiring that one must be incapable of supporting himself before he can be adjudged to be a dependent, we cannot say that the word "dependent" may be so restricted in its meaning. There is no statutory definition of dependent or dependency except as found in section 3140 and then only as to those presumed to be wholly dependent. In Honnold, Workmen's Compensation, vol. 1, § 70, p. 224, the author, discussing the question as to who are dependent, says:

"It may be said in general terms that a 'dependent' is one who looks to another for support, one dependent upon another for the ordinary necessities of life for a person of his class and position,"

and further at page 225,

"It follows that dependency does not depend on whether the alleged dependents could support themselves without decedent's earnings, or so reduce their expenses so that they would be supported independent of his earnings, but on whether they were in fact supported in whole or in part by such earnings, under circumstances indicating an intent on the part of the deceased to furnish such support."

In 28 R. C. L., pp. 770 and 771, the rule is stated as follows:

"As a very general proposition it may be said that a dependent is one who looked to or relied on the decedent for support and maintenance. Reliance must have been placed upon the deceased employee to provide the applicant for compensation, in some measure or to some extent, with his or her future living expenses. * * * The purpose of the statute is to provide the workman's dependent in future with something in substitution for what has been lost by the workman's death, and, consequently, to establish dependency the applicant for compensation must show that he or she had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing or future support and maintenance seems to be the true criterion as to who are dependents."

These statements from Honnold and R. C. L. are quoted with approval by this court in *Utah-Apex Mining Company et al.* v. *Industrial Commission et al.*, 64 Utah 221, 228 P. 1078. It is also said in 28 R. C. L. 771:

"In a majority of jurisdictions, however, the view seems to have been accepted that dependency within the terms of the statute does not mean absolute dependency for the necessities of life, but rather that the applicant looked to and relied on the contributions of the workman, in whole or in part, as a means of supporting and maintaining himself or herself in accordance with the applicant's social position and accustomed mode of life. A person may be a dependent, according to this view, although able to maintain himself without any assistance from the decedent. And so the mere ability to earn a livelihood will not prevent one from being a dependent."

Under statutes similar to ours, it has been held that compensation may be awarded to a daughter over the age of presumed dependency, not physically or mentally incapacitated, where it was shown that she obtained and relied upon support furnished by a deceased parent. *State* v. *District Court of Ramsey County*, 134 Minn. 131, 158 N. W. 798; in *Ressi's Case*, 243 Mass. 528, 137 N. E. 703; *Simms* v. *Lilleshall Co. Ltd.* (Eng.) 10 B. W. C. C. 321; *Janesville Sand & Gravel Co.* v. *Industrial Commission*, 197 Wis. 421, 222 N. W. 317, 62 A. L. R. 156.

There has been no decision of this court on the identical question presented by this appeal, although subsection 5 of section 3140 has been construed in several cases under different facts. The construction we here give is not inconsistent with the other decisions of this court. *McGarry* v. *Industrial Commission of Utah*, 63 Utah 81, 222 P. 592; *Sarich* v. *Industrial Commission*, supra; *Utah-Apex Mining Co.* v. *Industrial Commission*, supra; *McGarry* v. *Industrial Commission*, 64 Utah 592, 232 P. 1090, 39 A. L. R. 306.

The mere fact that claimants were not mentally or physically incapacitated from earning is not sufficient to take them out of the class of dependents provided for in the Compensation Law. Whether they were depen-

dents is to be found from all the facts and circumstances in evidence.

It is not claimed that the evidence is insufficient to support a finding of dependency except as indicated above. From a reading of the record it is apparent that sufficient facts are shown to support the finding and award of compensation made by the commission. It was proven, that the deceased, a widower, had established a home for his three sons and himself at Spanish Fork, Utah. The oldest of the sons was self-supporting, but the other two, the applicants here, were attending school and had been supported by their father up to the time of his death. He had expressed the intention of continuing such support and allowing these sons to attend school and obtain an education. The boys did odd jobs during vacations, but were unable to earn enough to support themselves in school. Neither of them had finished his schooling nor engaged in any regular employment.

THE AWARD IS AFFIRMED.

CHERRY, C. J., STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.