# ROLLER COASTER CO et al. v. INDUSTRIAL COMMISSION et al.

No. 7042.   Decided February 10, 1948.   (189 P. 2d 709.)

See 71 C. J., Workmen's Compensation Acts, sec. 302. Dependency within Workmen's Compensation Acts, see note, 100 A. L. R. 1090.

*Skeen, Thurman & Worsley,* of Salt Lake City, for plaintiffs.

*Grover A. Giles,* Atty. Gen., and *Pugsley, Hayes & Rampton,* of Salt Lake City, and *Keith L. Stahle,* of Bountiful, for defendants.

McDONOUGH, Chief Justice.

On petition for review, plaintiffs seek to have this court set aside an award of compensation. James Y. Hess, 23 years of age, and unmarried, was fatally injured in the course of his employment on August 31, 1946. He died September 1, 1946. There is no dispute in the facts. The sole questions for determination are: (1) Do the facts show

partial dependency of the widowed mother and her minor daughter at the time of the fatal accident? (2) If so, did the Commission make an excessive award?

At the time of his fatal injuries, James Y. Hess lived at his mother's home in Farmington. From 1941 to the time of his death, he had paid to his mother and to his sister, varying amounts of money which were used for the support of the family. When defendant Alice Hess, the mother, began to receive money from her son, she was earning only $110 per month, although at the time of his death her salary had increased to $200 per month. After returning from military service decedent paid $25 per month in cash to his mother, $10 per month to his young sister for clothes and school expenses, and he also furnished at least $15 each month in groceries.

In addition to these items he took care of the garden which furnished vegetables and other produce for the family, and he took care of the premises generally. These services the mother estimated to be worth at least $35 per month. These items total $85 per month. The decedent also assisted his mother in the purchase of furniture and other household furnishings from time to time, which items cost him $243.99. The Commission apparently averaged these furniture contributions as amounting to about $15 per month, to estimate his contribution at $100 per month. The Commission deducted $30 per month as the value of board and room furnished to decedent. The plaintiffs do not complain of this deduction, but they assert that the computation of monthly contributions is an overestimate.

Plaintiffs argue that some of these items were seasonal and that such contributions would not likely carry over into the winter. However, plaintiffs admit that dependency must be determined in the light of circumstances and the amount of support as of the time of the fatal injury. The expenditures for household articles such as articles of furniture which are not purchased weekly, but only when occasion arises, were relatively contemporaneous with the time of fatal injury, and the Commission did not err in

taking them into consideration. As to the furniture items, the mother testified that they were items which she felt she could not afford or could not purchase alone out of her own earnings. This case is unlike *Globe Grain & Milling Co.* v. *Industrial Commission*, 57 Utah 192, 193 P. 642, in which it was held that an occasional gift or contribution made at the convenience or pleasure of the donor does not authorize an inference of dependency.

As to the cash items and the groceries, as well as the production of garden vegetables for the family, no contention can be made that they were overestimated. The Commission properly disregarded the sums which the mother would receive as beneficiary of an insurance policy. See *Anderson* v. *Industrial Commission*, 108 Utah 52, 157 P. 2d 253. The Commission correctly found that the mother and minor sister were partly dependent on decedent for support at the time of his death.

Inasmuch as plaintiffs contend that the award of $12.50 per week to the mother for 313 1/7 weeks is excessive, the language of the statute becomes important. Sec. 42-1-64, U. C. A. 1943, as amended by Chapter 65, Laws of Utah, 1945, reads in part:

"If there are partly dependent persons at the time of the death, the payment shall be 60 per cent of the average weekly wages, but not to exceed the maximum of $22.50 per week, to continue for all or such portion of the period of six years after the date of injury as the commission in each case may determine, and shall not amount to more than a maximum of $5,000. The benefits provided for in this subdivision shall be in keeping with the circumstances and conditions of dependency existing at the date of injury, and any amount awarded by the commission under this subdivision must be consistent with the general provisions of this title."

It is admitted by plaintiffs that decedent was earning $61.25 per week at the time of his fatal injuries. Sixty per cent amounts to $36.75 and is in excess of the maximum of $22.50 per week allowed by statute. The Commission awarded slightly over half of the maximum statutory amount to defendant Alice Hess. The amount awarded aggregates

a little over $50 per month, which was less than the amount which the Commission found to be the net contribution to the support of the family.

Plaintiffs point out that the Commission found that decedent contributed about 25% of the total family maintenance cost. They assume that anything in excess of 25% of the maximum sum of $22.50 which can be awarded for partial dependency should be regarded as excessive. This contention, however, is not in harmony with previous holdings of this court construing the section of the statute here involved. It is true that the last sentence of the section does require that the award made to a partly dependent person be consistent with the general provisions of the compensation act. But such requirement is not the equivalent of a definitive one specifying that the award in cases involving partial dependency must be limited to that portion of the benefits provided for those wholly dependent which the amount of the contributions made by deceased to such partial dependents bore to the total income of the dependents. We are not persuaded that the section evidences a clear legislative intent to thus formulate the method of arriving at the total amount of the award in cases of partial dependency, and to leave no discretion relative to such amount in the Commission. Nor, as stated hereinabove, do our prior decisions applying the section of the statutes, support the position that such is the legislative intent.

In *Combined Metals Reduction Co.* v. *Industrial Commission*, 74 Utah 247, 254, 278 P. 1019, 1022, this court, speaking through Mr. Justice Elias Hansen said:

"The award of compensation in the instant case is thus within but nearly equal to the maximum allowed by law for partial dependency. This court has heretofore announced the general rule that should form the basis for fixing the amount of compensation to be awarded in a given case. *Ogden City* v. *Industrial Commission*, 57 Utah 221, 193 P. 857; *Utah Fuel Co.* v. *Industrial Commission*, 67 Utah 25, 245 P. 381, 45 A. L. R. 882; *John Scowcroft & Sons Co.* v. *Industrial Commission* [70 Utah 116], 258 P. 339. It is there, in effect, held that

compensation should be founded upon the probable financial loss suffered by the dependents on account of the death of the decedent. In this case the dependency of Mrs. Bentley was apparently brought about in great part by the deceased and his brother Francis. It was they who were responsible for the loss of her farm located at Parowan. The evidence shows that the deceased was ever mindful of his moral, if not his legal, obligation to care for his mother and helpless half-sister. When he was able he contributed rather liberally to their immediate needs. When he planned for the future their support and maintenance was his special concern. That his mother and half-sister were in dire need of his assistance is obvious. It may be said that the award granted by the commission was very liberal if based solely upon what the deceased had contributed to his mother and half-sister at the time of his death. However, under the facts and circumstances disclosed by the evidence, the commission would have been justified in finding that the deceased, had he lived, would have contributed more if the necessities of his mother and half-sister required it. The commission had the right and it was its duty to consider all of the 'circumstances and conditions of dependency existing at the date of injury.' Dependency and the extent thereof are qustions of fact to be determined primarily by the Industrial Commission. The power of this court to review an award made by the Industrial Commission 'shall not be extended further than to determine whether or not: 1. The commission acted without or in excess of its powers. 2. If findings of fact are made, whether or not such findings of fact support the award under review.' Laws Utah 1921, c. 67, § 3148, subd. b, p. 181. In this case it cannot be said that the commission acted without or in excess of its power in making the award complained of.  *   *   *"

In view of what is said in the foregoing opinion relative to the discretion vested in the Commission, the last sentence of the quoted portion of the opinion is manifestly applicable to the award under review.

The award is affirmed. Costs to defendants.

PRATT, WADE, WOLFE and LATIMER, JJ., concur.