Lorin R. FARNSWORTH, father of Matt Robert Farnsworth, Deceased, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah et al., Defendants.

No. 13910.

Supreme Court of Utah.

April 24, 1975.

J. Anthony Eyre, Kipp & Christian, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendants.

MAUGHAN, Justice:

Matt Robert Farnsworth, a 19-year-old, sustained fatal injuries in the course of his employment, when the truck he was operating overturned. The claimant, Lorin R. Farnsworth, is the father of decedent, and he filed a claim before the Industrial Commission, asserting that he was partially dependent on his son and thus was entitled to the benefits provided by Section 35–1–68(3), U.C.A.1953. Upon hearing before a trial examiner, the claim of the applicant was denied. Upon review before the Industrial Commission the determination of the trial examiner was affirmed on the ground that although the applicant may have been dependent upon deceased for certain activities, the dependency, as expressed by the evidence, was not the type contemplated and intended within the meaning of the Workmen's Compensation Act.

Applicant is classified as legally blind and has been unemployed for the past eighteen years. At the time of his son's death, applicant was receiving a veteran's disability benefit of $548 per month and a civil service annuity of $220 per month. Applicant's wife has been gainfully employed for twelve years. Decedent was regularly employed since his graduation from high school in June, 1973. He died January 17, 1974. Claimant has one other minor son, Mark, residing with him. Mark graduated from high school in June, 1974, and had previously been employed during the summer of 1973, although at the time of the hearing he was not employed, while convalescing from surgery.

Applicant's claim of partial dependency is predicated upon the services his son performed and not upon direct financial assistance. The decedent had read his father's mail and other documents, transported him to the Veterans Hospital and doctor's office for medical treatments, and performed chores such as yard work about his father's house. The decedent transported his father about the town to pay utility bills and other obligations, although claimant admitted the primary purpose of this service was to get him out of the house. The applicant further undertook the responsibility for caring for his parents' home and decedent had performed many of these tasks, such as filling the coal stoker, doing yard work, and snow removal. The applicant sometimes reimbursed his son for the gasoline expense incurred in performing these services. Since Matt's death, his brother, Mark, has performed the services previously rendered by decedent for their father.

In this review plaintiff contends that he was partially dependent upon his son within the meaning of the Workmen's Compensation Act.

Section 35–1–71, U.C.A.1953, specifies two classes, who are legislatively presumed to be wholly dependent for support upon a deceased employee. The statute further provides:

In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as a dependent unless he is a member of the family of the deceased employee, or bears to him the relation of husband or wife, lineal descendant, ancestor, or brother or sister. . . .

By the express terms of Section 35–1–71, U.C.A.1953, the subject matter of the statute concerns those persons who are *dependent for support* upon a deceased employee." The case law of this state has consistently limited dependency to those fact situations wherein the deceased had contributed financial assistance or com-

parable assistance such as growing food, which was used in supporting the dependent.[1]

In Rigby v. Industrial Commission,[2] this court stated:

Whether one person is dependent upon another within the meaning of the Workmen's Compensation Act is primarily a question of fact. It is the exclusive province of the Industrial Commission to determine the facts and to draw legitimate inferences therefrom. It is also, in the first instance, the province of the Commission to determine from such facts and inferences whether dependency does or does not exist. When, however, the established facts and inferences reasonably deductible therefrom can lead to but one conclusion, a question of law is presented which this court, upon proper application, must review.

This court explained:[3]

In this case the burden was on plaintiff to establish dependency. The Workmen's Compensation Act creates no presumption that a father is dependent upon his son for support and maintenance. To entitle plaintiff to compensation in this case, it must affirmatively be made to appear that at the time of the injury (1) plaintiff relied upon his son, in whole or in part, for his support and maintenance; (2) that had the son not been killed plaintiff would in all probability have received some assistance from his son; (3) that it was reasonably necessary for the son to render his father some financial aid in order that the father might continue to live in a condition suitable and becoming to his station in life.

In the Rigby case this court observed the upon the record it appeared that the father had relied upon his son for financial aid and that if the son had lived, he would have, in all probability, continued to render financial assistance. This court characterized the serious issue to be whether it could be determined as a matter of law that the father could not have continued to live in a condition suitable and becoming to his station in life without any assistance from his son. After reviewing the facts, this court concluded that the Commission could reasonably infer the father had sufficient funds for his support and maintenance according to his station in life; and therefore, it could not be held as a matter of law that the father was dependent upon his son for support and maintenance.

■ In Utah Galena Corp. v. Industrial Commission [4] this court cited with approval authority which expressed the view that dependency within the terms of the statute does not mean absolute dependency for the necessities of life, but rather that the applicant looked to and relied on the contributions of the workman, in whole or in part, as a means of supporting and maintaining himself in accordance with his social position and accustomed mode of life. This concept was reiterated in Park Utah Consolidated Mines Co. v. Industrial Commission:[5]

A dependent is one who looks to another for support, and the true criterion is whether one has a reasonable expectation of continuing or future support —to receive such contributions as are necessary and needed to maintain him in his accustomed station in life.[6]

1. Daly Mining Co. v. Industrial Comm., 67 Utah 483, 248 P. 125 (1926).

2. 75 Utah 454, 458, 286 P. 628 (1930).

3. At p. 459 of 75 Utah, at p. 630 of 286 P.

4. 78 Utah 495, 501, 5 P.2d 242 (1931).

5. 84 Utah 481, 488, 36 P.2d 979 (1934).

6. Also see Bradshaw v. Ind. Comm., 103 Utah 405, 135 P.2d 530 (1943), wherein dependency was determined in terms of financial support, and Roller Coaster Co. v. Ind. Comm., 112 Utah 532, 189 P.2d 709 (1948), where the finding of partial dependency was predicated on the son's contributions of cash, groceries, and care of a garden which furnished vegetables and other produce for the family.

In the instant action, the assistance rendered by decedent to his father was not comparable to financial assistance to maintain him in his accustomed station in life. It was greater, it was the love, affection, and companionship of a dutiful child; and deserving of the highest commendation.

Such assistance, as is here shown, commendable as it is, does not establish dependency within the Workmen's Compensation Act, the purpose of which is to provide compensation for the probable financial loss suffered by dependents on account of the death of the decedent.

The decision of the Industrial Commission is sustained.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.