**Carol STAR, Mother of Ronald Dean Broderick, Deceased, Plaintiff,**

v.

**INDUSTRIAL COMMISSION of Utah, Pepsi Cola Bottling Company, and State Insurance Fund, Defendants.**

No. 16378.

Supreme Court of Utah.

July 17, 1980.

---

Pete N. Vlahos of Vlahos & Knowlton, Ogden, for plaintiff.

Timothy C. Houpt of Black & Moore, Salt Lake City, for defendants.

MAUGHAN, Justice:

Plaintiff challenges the statutory disposition of death benefits payable under the Workmen's Compensation Act in the case where the employee dies without dependents.[1] Plaintiff was the mother of Ronald Dean Broderick, who was killed when the truck he was operating was involved in a motor vehicle collision. This accident occurred during the course of decedent's employment with the Pepsi Cola Bottling Company. Decedent's medical expenses were paid, and the statutory burial payment was made. The sum of $15,600 was paid into the state treasury in accordance with Section 35-1-68(1). Plaintiff made an application for the death benefits payable pursuant to the Workmen's Compensation Act. Upon hearing before an administrative law judge, her application was denied on the ground that applicant had failed to establish she was wholly or partially dependent upon her deceased son. This order was affirmed by the Industrial Commission. The order of the Industrial Commission is affirmed. All statutory references are to Utah Code Annotated 1953, as amended.

On appeal, plaintiff characterizes the death benefits paid under the Workmen's Compensation Act as funds resulting from the wrongful death of an individual, and she claims it constitutes an unjust enrichment to pay such benefits to the special fund of the State of Utah rather than to the estate or family of decedent. She contends the statutory disposition of death benefits to the special fund deprives decedent's survivors of their constitutional right to seek redress for his wrongful death as guaranteed in Article XVI, Section 5, Constitution of Utah.

Article XVI, Section 5, provides:

"The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, except in cases where compensation for injuries resulting in death is provided for by law."

Concededly, insofar as the negligence of the employer is involved, with exceptions not here material, workmen's compensation constitutes the exclusive remedy against the employer, and a wrongful death action cannot be maintained, Section 35-1-60. However, the payment of benefits under the act is not contingent on proof of negligence, a requisite element in a wrongful death action.

In 1921, Article XVI, Section 5, was amended by the addition of the concluding clause. The purpose of this amendment was to permit the limitation of an employer's liability for fatal work-related injuries to the payment of death benefits under the Workmen's Compensation Act, a result precluded by the Constitution prior to amendment. This amendment was intended to provide an alternative, and not a substitute, type remedy for death which, in part, replaced the damage action protected by that provision.[2]

In *Henrie v. Rocky Mountain Packing Corporation*,[3] the plaintiff, who was not dependent on his son, the decedent, contended

---

1. At the time of death in July 1978, Sec. 35-1-68, provided: "In case injury causes death within the period of six years from the date of the accident, the employer or insurance carrier shall pay the burial expenses of the deceased as provided herein, and further benefits in the amounts and to the persons as follows:

"(1) If there are no dependents, the employer and insurance carrier shall pay into the state treasury the sum of $15,600. . . . Such payment shall be held in a special fund for the purposes provided in this title; the state treasurer shall be the custodian of such special fund, and the commission shall direct the distribution thereof."

2. *Oliveras v. Caribou-Four Corners, Inc.*, Utah, 598 P.2d 1320, 1324 (1979).

3. 113 Utah 415, 425, 196 P.2d 487, 492 (1948).

the payment of the death benefit into the state treasury was not a benefit to him, and hence not compensation as that term is used in the exception clause of Article XVI, Section 5, Constitution of Utah.

This Court framed the issue as follows: ". . . Where the decedent dies without dependents, are the payment of money into the state treasury, as provided by Section 42–1–64(1), [Section 35–1–68(1)] and the payment of the statutory sum for burial expenses, 'compensation' within the meaning of the above quoted constitutional provision [Article XVI, § 5]?"

This Court observed that the original Workmen's Compensation Act was enacted by the legislature in 1917. The original act gave dependents of a workman killed in the course of his employment the option of either suing under the wrongful death statute or accepting the death benefits provided by the compensation act. Comp.Laws Utah 1917, Section 3127. By necessity the statute was framed in the alternative form, because Article XVI, Section 5, precluded a statutory provision making death benefits provided by the act the exclusive remedy. Thereafter, this constitutional provision was amended in 1921. The legislature then amended the compensation act providing that employers who complied with the provisions of the act should not be liable under the wrongful death statute for death of employees, except as otherwise provided by the act. Laws of Utah 1921, C. 67, Section 3127.

This Court reasoned that since the compensation act was enacted and effective prior to the amendment to Article XVI, Section 5, the amendment should be construed in light of the statutory provisions existing at the time of its adoption. Section 3140(1), Comp.Laws of Utah 1917, was similar to Section 35–1–68(1); it provided that if the deceased workman had no dependents, the employer or insurance carrier should pay the burial expenses and pay into the state insurance fund the sum of $750. Section 3112(6), Comp.Laws of Utah, 1917, defined compensation as "the compensation and benefits provided for in this title."

Section 35–1–44(6) similarly defines "compensation" as "the payments and benefits provided for in this title."

This Court observed the compensation acts were intended to secure workmen and their dependents (not heirs and personal representatives) against becoming objects of charity, by making reasonable compensation for calamities incidental to the employment and to include these ensuing expenses as part of the cost of production.

Conceptually, compensation and damages are different. Damages are based upon fault, are generally limited only by the findings of the jury, and are payable in death cases to the heirs or personal representatives without regard to dependency. In contrast, compensation, generally, has no relation to fault, is fixed or limited by statute, and is payable to dependents only.

This Court stated:

"Plaintiff contends that because the money paid by defendant or its insurance carrier into the state treasury did not benefit him, it was not compensation within the meaning of Article XVI, Section 5 of the Constitution. Viewed in the light of the history of that section of the Constitution, and of the Workmen's Compensation legislation, the contention is untenable. The amendment to the Constitution was not designed or intended to preserve all of the rights formerly guaranteed, *and also* to create new rights. On the contrary its very purpose was to abrogate some of the rights formerly held by persons entitled to sue under the wrongful death statute. 'Compensation,' as used in the amendment to the Constitution, means the same as it is used and defined in the compensation act, i. e. any payment required by the act to be made to a workman or to his dependents, or for their benefit, or into the state treasury for the special purposes of the compensation act. This includes disability payments, death benefits, medical and hospital expenses, burial expenses, and payments into the state treasury as provided by the act. Compensation does not connote or require payment to, or for the

direct benefit of a non-dependent parent, who would have been able to maintain an action for wrongful death prior to the amendment to the state Constitution. The payment of part of decedent's burial expenses and of $1,000 in the state treasury in accordance with the order of the Industrial Commission, and as provided by statute, was payment of 'compensation' within the meaning of Article XVI, Section 5, of the Constitution. . . ." [4]

 Plaintiff further contends that the term "dependent" should be liberally construed so as to justify payment of the death benefits to her and to divert such funds from the state treasury. There was substantial evidence to support the finding of the Industrial Commission that plaintiff was not wholly or partially dependent on her son for financial assistance to maintain her in her accustomed station in life. Thus, she did not establish dependency under the Workmen's Compensation Act. Her loss of the love, affection, and companionship of a dutiful child is not compensable under the act.[5] As was said in *Farnsworth v. Industrial Commission* :

"In the instant action, the assistance rendered by decedent to his father was not comparable to financial assistance to maintain him in his accustomed station in life. It was greater, it was the love, affection, and companionship of a dutiful child; and deserving of the highest commendation.

"Such assistance, as is here shown, commendable as it is, does not establish dependency within the Workmen's Compensation Act, the purpose of which is to provide compensation for the probable financial loss suffered by dependents on account of the death of the decedent."

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.

---

4. At pp. 427–428 of 113 Utah, at pp. 493–94 of 196 P.2d.

5. *Farnsworth v. Industrial Commission*, Utah, 534 P.2d 897 (1975).