**ALLSTATE INSURANCE COMPANY, Plaintiff and Respondent,**

v.

**William J. BLISS and Veora Bliss, Defendants and Respondents,**

v.

**D. Dale WILLIAMS, Executive Director, Department of Administrative Services, State of Utah, as Administrator of the Utah State Insurance Fund, Defendant and Appellant.**

No. 19289.

Supreme Court of Utah.

Sept. 11, 1986.

---

3. U.C.A., 1953, § 75–3–107(1).

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for State.

James R. Black, Susan B. Diana, Salt Lake City, for State Ins. Fund.

Gary B. Ferguson, Salt Lake City, for Allstate.

Russell J. Hadley, Salt Lake City, for Bliss.

ZIMMERMAN, Justice.

Defendant Utah State Insurance Fund ("the Insurance Fund") appeals from the grant of a summary judgment denying its claim for reimbursement of money it was required to pay into the Second Injury Fund under section 35–1–68(2)(a) of the Code by reason of the job-related death of one Karen Bliss. U.C.A., 1953, § 35–1–68(2)(a) (Repl.Vol. 4B, 1974, Supp.1986). The Insurance Fund had sought reimbursement from settlement proceeds received by Karen's parents, William and Veora Bliss ("the Blisses") in a related wrongful death action against Allstate Insurance Company. The trial court ruled that the Insurance Fund could neither invade the Blisses' recovery nor pursue a separate claim against Allstate in order to recover the amount paid into the Second Injury Fund. We affirm both rulings.

The facts of this case are relatively simple, but its procedural history is rather convoluted. · The Blisses' daughter, Karen,

was a driver for Airport Shuttle Parking. She died in March of 1980 as a result of a work-related automobile accident. Airport Shuttle Parking was insured by the Insurance Fund for workers' compensation purposes. On behalf of Karen Bliss, the Fund paid $10,131.45 in funeral and medical benefits to Mr. and Mrs. Bliss and $18,700 into the Second Injury Fund as required by section 35-1-68(2)(a) of the Code.[1] That section mandates payment of a fixed amount into the Second Injury Fund whenever there is a determination made that there are no dependents of the deceased person covered by workers' compensation.[2] The parties in this case have stipulated to the Insurance Fund's right to reimbursement of the funeral and medical expenses and to the fact that the Blisses are not dependents of their daughter. Thus, the dispute centers on the Insurance Fund's entitlement to repayment of the amount given the Second Injury Fund.

In March of 1982, the Blisses filed a wrongful death claim against Sue Ellen Dart, the driver of the car that struck Karen's car, and Dart's insurance carrier, Allstate. During settlement negotiations between Allstate and the Blisses, the Insurance Fund notified the Blisses that because of the $18,720 it paid into the Second Injury Fund, it was claiming a right to be reimbursed for this amount from anything paid to the Blisses by or on behalf of Dart. To resolve the issue of whether the Insurance Fund had any such right, Allstate filed a declaratory action against the Blisses and the Insurance Fund. Allstate contended that because the Blisses were not dependent on their daughter and could not possibly receive workers' compensation benefits, the Insurance Fund could make no claim for reimbursement against the wrongful death recovery. In answering the declaratory complaint, the Blisses agreed with Allstate that the Insurance Fund should have no such rights. The Insurance Fund responded that it had such rights because section 35-1-62 of the Code gives the Insurance Fund the right to be reimbursed from any wrongful death recovery when the Insurance Fund is "liable for compensation payments"[3] and payments to the Sec-

---

1. The relevant portion of section 35-1-68(2)(a), in effect at the time, stated:

 If the commission has made a determination that there are no dependents of the deceased, it may, prior to a lapse of one year from the date of death of a deceased employee, issue a temporary order for the employer or insurance carrier to pay into the second injury fund the sum of $18,720. . . .

 1979 Utah Laws ch. 138, § 3, at 777.

2. The Second Injury Fund is used to compensate other workers for various previously existing injuries. *See generally* Second Injury Fund v. Streator Chevrolet, 709 P.2d 1176 (Utah 1985).

3. Section 35-1-62 states:

 When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of a person other than an employer, officer, agent, or employee of said employer, *the injured employee, or in case of death his dependents, may claim compensation* and the injured employee or his heirs or personal representative may also have an action for damages against such third person. *If compensation is claimed and the employer or insurance carrier becomes obligated to pay compensation, the employer or insurance carrier shall become trustee of the cause of action against the third party and may bring and maintain the action either in its own name or in the name of the injured employee,* or his heirs or the personal representative of the deceased, provided the employer or carrier may not settle and release the cause of action without the consent of the commission. . . .

 . . . .

 If any recovery is obtained against such third person it shall be disbursed as follows:

 (1) The reasonable expense of the action, including attorneys' fees, shall be paid and charged proportionately against the parties as their interests may appear. Any such fee chargeable to the employer or carrier is to be a credit upon any fee payable by the injured employee or, in the case of death, by the dependents, for any recovery had against the third party.

 (2) *The person liable for compensation payments shall be reimbursed in full for all payments made less the proportionate share of costs and attorneys' fees provided for in subsection (1).*

 (3) The balance shall be paid to the injured employee or his heirs in case of death, to be applied to reduce or satisfy in full any obligation thereafter accruing against the person liable for compensation.

 U.C.A., 1953, § 35-1-62 (Repl.Vol. 4B, 1974, Supp.1986) (emphasis added).

ond Injury Fund are "compensation," as this Court has defined the term in *Star v. Industrial Commission,* 615 P.2d 436, 438 (Utah 1980).

The trial court granted summary judgment for Allstate, stating in its memorandum opinion that "the Fund has no claim to the payment of this $18,720 from any recovery the Blisses may receive as a result of the wrongful death action." The court's order contained wording somewhat different than the memorandum opinion and concluded that the Insurance Fund "has no right to reimbursement in the form of a lien, subrogation, *or any other claim,* for the $18,720...." (Emphasis added.)

 The Insurance Fund appealed. However, various factors have combined to leave the appeal in a confused state. While the appeal was pending, Allstate and the Blisses settled the wrongful death action. Allstate then did not file a brief with this Court. Its interests were purportedly represented by the Blisses, who claimed that because of the settlement, they were now the real parties in interest inasmuch as they were defending the settlement from the Insurance Fund's claims. However, counsel for the Insurance Fund conceded at oral argument that the Fund makes no claim against the Blisses' settlement recovery.[4] Instead, the Insurance Fund argues that it has an independent right to claim special damages from Allstate as a result of the Insurance Fund's payment into the Second Injury Fund. Because the Blisses' posture on appeal is only to protect the settlement, and because of Allstate's non-appearance, no one before this Court has directly responded to the Insurance Fund's claim. Despite these problems, we conclude that we have been adequately informed regarding the issue and reach it, principally because the trial court's actual order, which is broader than its memorandum opinion, plainly denies the Insurance Fund a "right to reimbursement *or any*

*other claim* for the $18,720...." (Emphasis added.)

On the merits, the Insurance Fund argues that the term "compensation," as used in section 35-1-62, was defined in *Star v. Industrial Commission,* 615 P.2d at 438, to include payments made to the state treasurer as the custodian of the Second Injury Fund. The Insurance Fund asserts that the payments it made pursuant to section 35-1-68 are compensation. Therefore, section 35-1-62 makes the Insurance Fund, as an insurer "obligated to pay compensation," the trustee of the Blisses' wrongful death action against the third-party tort-feasor and her insurer, Allstate. The Insurance Fund concludes by arguing that since section 35-1-62 also gives priority in disbursement of any recovery to the "person liable for compensation payments" and defines that priority as a right to "be reimbursed in full for all payments made," this section, in effect, creates a cause of action in the Insurance Fund for the amount of such payments as special damages, and the Fund may recover those damages directly from the tort-feasor or her insurer.

 We do not agree. First, *Star v. Industrial Commission* did not construe the term "compensation" as it is used in section 35-1-62; rather, that case dealt with the entirely different question of what the term meant as found in section 35-1-68. While the use of a term in one section may have relevance to its usage in another, the plain language of each section must first be considered. When that is done, the Insurance Fund's construction of section 35-1-62 plainly cannot prevail. Under section 35-1-62, "the injured employee, or in the case of death, his dependents, may claim compensation"; the Insurance Fund becomes trustee of a wrongful death action only "if compensation is claimed." Given the explicit limitation of the term "compensation" in section 35-1-62 to amounts claimed by the employee or the dependents,

---

**4.** We agree with the Insurance Fund's concession: the wrongful death recovery of an heir who does not receive workers' compensation benefits cannot be reached by the Insurance Fund. *See Oliveras v. Caribou-Four Corners Inc.,* 598 P.2d 1320, 1324-25 (Utah 1979).

the statutorily required payment by the Insurance Fund into the Second Injury Fund cannot be categorized as compensation. Clearly, the purpose of the right of reimbursement established by this section is only to prevent double recovery by the employee or his or her dependents. *See Oliveras v. Caribou-Four Corners Inc.,* 598 P.2d at 1323–25.

In the present case, no compensation was or could be claimed by the Blisses or anyone else. Therefore, section 35–1–62 was not triggered, and the Insurance Fund can claim no rights under that section's priority of disbursement provisions.[5] Since we conclude that the Insurance Fund has no claim for reimbursement of the payment into the Second Injury Fund, the summary judgment granted by the trial court is affirmed.

HALL, C.J., and HOWE, STEWART and DURHAM, JJ., concur.

---

5. *A fortiori,* we reject the Insurance Fund's assertion that section 35–1–62 gives the Insurance Fund a separate claim for special damages that can be asserted against a tort-feasor, even though that claim could not be asserted against the nondependent heirs of a decedent.