Cynthia DAHL, widow of Steven B. Dahl, deceased, Plaintiff,

v.

The INDUSTRIAL COMMISSION OF the STATE OF UTAH, Revlon Service, Inc. and/or Liberty Mutual and/or Default Indemnity Fund, Defendants.

No. 860215–CA.

Court of Appeals of Utah.

April 15, 1987.

Michael E. Dyer, Stephanie A. Mallory, Richards, Brandt, Miller & Nelson, Salt Lake City, for Liberty Mutual Insurance.

Susan Pixton, Adm'r, Default Indem. Fund, Utah Indus. Com'n, Salt Lake City.

Frank J. Gustin, Kent M. Kasting, Gustin, Adams, Kasting & Liapis, Salt Lake City, for Cynthia Dahl.

Before DAVIDSON, GREENWOOD and JACKSON, JJ.

DAVIDSON, Judge:

Plaintiff wife Cynthia Dahl appeals from an Industrial Commission denial of her Motion for Review of an Order dismissing her claim for dependent's death benefits. We reverse.

Plaintiff and the deceased, Steven Bradley Dahl, were married in Colorado on October 22, 1978. Plaintiff was employed by Frontier Airlines and the deceased was unemployed. Several months after the marriage, the deceased took employment with Revlon Service, Inc. and continued in that employment until his death. During September of 1979, the couple moved to Utah so deceased could manage Revlon's local district. Plaintiff was able to base out of Salt Lake City and continued with the airline. Upon arrival in Utah, the couple purchased a home in Sandy. The financing arrangements required a monthly mortgage payment of approximately $778.00. The deceased suffered a heart attack in February of 1984. This appeared to trigger a decline in the marriage relationship. As a result, plaintiff departed the family home during November of 1984 and returned to Colorado. Plaintiff and the deceased maintained telephone contact and would meet when the latter had occasion to be in Denver. During January of 1985, the deceased filed a Complaint for divorce. In March of 1985, plaintiff's attorney prepared a Verified Motion for Order to Show Cause seeking temporary monthly support of $750.00. This motion was never heard because the parties agreed that the deceased would temporarily maintain the mortgage on the family home and make payments on the current debt obligations of the couple. Subsequently, both parties prepared Property Settlement and Separation Agreements. That of the deceased was signed by plaintiff on July 23, 1985, and by the deceased and his attorney on July 25, 1985. In the signed Agreement both parties waived alimony, the deceased was to make the mortgage payments on the home and pay plaintiff for her share of the equity therein, the parties were to equally share certain specific debt obligations, and the various personal property was distributed. The stipulation was filed with the District Court after Mr. Dahl's death which he met in a commercial aircraft accident on August 2, 1985, while returning from a business trip. The deceased's attorney had filed a Certification of Readiness for Trial in the District Court, but the matter had not been heard at the time of Steven Dahl's death.

The hearing record reveals the parties' joint income to have been $57,624.00 in 1983 and $59,286.00 in 1984. In 1984, plaintiff's gross income was approximately $20,000.00 which reflects the two months she took off because of the deceased's heart attack in February of that year. During the initial three months following plaintiff's return to Denver, she sent the deceased $200.00 per month to assist in the expenses of the home and the joint debt obligations. These payments were discontinued when the deceased filed for divorce. At the time the deceased agreed to assume the joint debt obligations, these amounted to approximately $7,000.00, exclusive of the mortgage.

Utah Code Ann. § 35–1–73 (1986) requires death benefits to be paid to one or more *dependents* of the decedent. Section 35–1–71(2) (1986) contains the presumption that a surviving spouse living with the decedent at the time of death is wholly dependent on the decedent. However, the same subsection states, "[i]n all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury or death of such employee...." Utah case law limits dependency to fact situations wherein the deceased has provided financial assistance or comparable assistance in the support of a dependent. *Farnsworth v. Industrial Commission*, 534 P.2d 897, 898–99 (Utah 1975).

The concept of dependency was explained by the Utah Supreme Court, "[a] dependent is one who looks to another for support, and the true criterion is whether one has a reasonable expectation of con-

tinuing or future support—to receive such contributions as are necessary and needed to maintain him in his accustomed station in life." *Farnsworth* at 899, quoting *Park Utah Consolidated Mines Co. v. Industrial Commission,* 84 Utah 481, 488, 36 P.2d 979 (1934).

Dependency is determined by examining the facts. Normally, this is the province of the Industrial Commission as reiterated in *Farnsworth* at 899 quoting *Rigby v. Industrial Commission,* 75 Utah 454, 458, 286 P. 628 (1930).

> Whether one person is dependent upon another within the meaning of the Workmen's Compensation Act is primarily a question of fact. It is the exclusive province of the Industrial Commission to determine the facts and to draw legitimate inferences therefrom. It is also, in the first instance, the province of the Commission to determine from such facts and inferences whether dependency does or does not exist. When, however, the established facts and inferences reasonably deductible therefrom can lead to but one conclusion, a question of law is presented which this court, upon proper application, must review.

The "established facts and inferences reasonably deductible" in this case lead to one conclusion. On the date of death, plaintiff was living apart from the deceased. However, she was depending upon him to make the full mortgage payment on their family home and to meet their significant joint debt payments. Plaintiff was able to maintain her standard of living *only* with the help of the decedent. It appears that the Administrative Law Judge applied a too narrow interpretation of dependency and focused only on whether day to day support was being provided. This was error. It is necessary to examine all aspects of dependency. When this is done, one conclusion is reached, that Mrs. Dahl was dependent upon decedent on the date of his death.

Although we do not wish to stray into the period following Mr. Dahl's death, the financial burden which deluged plaintiff is a clear indication of the financial weight the deceased was bearing for her prior to his death.

The Industrial Commission's denial is reversed and this case is remanded for administrative action in accordance with the above.

GREENWOOD and JACKSON, JJ., concur.