**LDS HOSPITAL, Plaintiff,**

v.

**INDUSTRIAL COMMISSION OF UTAH, Second Injury Fund, and Anna Webster, Defendants.**

No. 860046.

Supreme Court of Utah.

Sept. 10, 1987.

Larry R. White, Salt Lake City, for plaintiff.

David L. Wilkinson, Ralph L. Finlayson, Salt Lake City, for Industrial Com'n.

Erie V. Boorman, Jr., Salt Lake City, for Second Injury Fund.

Virginius Dabney, Salt Lake City, for Anna Webster.

HOWE, Justice:

Plaintiff LDS Hospital seeks review of an order of the Industrial Commission finding Anna Webster partially dependent and ordering plaintiff to continue paying benefits to her.

Mrs. Webster's husband died in December 1982 from multiple injuries he suffered in an accident that occurred in the course of his employment with plaintiff in July 1979. She received disability/death benefits of $179 per week for 312 weeks as provided by statute. She then applied for extended benefits as provided in Utah Code Ann. § 35–1–68(2)(b)(iii) (1953 & Supp. 1987). A dependency review hearing was held where she presented evidence that her living expenses were approximately $16,-024.80 per year, but would decrease to $14,-350.95 for the next twelve months because her house mortgage would be paid in three months. Her income from social security disability and pension payments totalled $7,374. In addition, she had approximately $83,000 in money market certificates which amount came from her personal savings, inheritance from her mother, and proceeds from insurance on her husband's life. Interest on the certificates was approximate-

ly $8,000 per year. This gave her a total annual income of $15,374. The administrative law judge found Mrs. Webster to be partially dependent and awarded her continued benefits of 50 percent of what she had been receiving or $89.50 per week to be paid by the plaintiff, a self-insurer.

Plaintiff filed two motions for review with the Industrial Commission: the first asserted that Mrs. Webster was not entitled to further benefits because she did not prove her partial dependency; the second argued that if payments were proper, they should be made by the Second Injury Fund. The Commission determined that the administrative law judge's finding of dependency was supported by the facts and that the 1979 amendment to section 35–1–68 eliminated the Second Injury Fund's liability for continued dependency payments. Plaintiff seeks our review of the Commission's denial of its motions.

Under section 35–1–68(2)(a)(iv), a surviving spouse is conclusively presumed to be wholly dependent for six years. The presumption abates at the end of that period, and the Commission must make a continued dependency determination based upon all the circumstances and conditions existing at the time of the review. § 35–1–68(2)(b)(ii). While our statutes contain no definition of dependency, we have stated in a number of cases that dependency within the meaning of our workers' compensation statutes does not mean absolute dependency for the necessities of life, but instead it means a need for and reliance on the worker's income to support and maintain the alleged dependent in accordance with his accustomed station in life. *Farnsworth v. Industrial Commission*, 534 P.2d 897 (Utah 1975); *Park Utah Consolidated Mines Co. v. Industrial Commission*, 84 Utah 481, 36 P.2d 979 (1934); *Utah Galena Corp. v. Industrial Commission*, 78 Utah 495, 5 P.2d 242 (1931).

In the instant case, Mrs. Webster submitted to the administrative law judge an itemization of her annual living expenses, totalling $16,024.80. The itemization does not appear to be merely amounts which would be necessary to sustain her existence but includes allowances for birthday and Christmas gifts for children and grandchildren. An amount for Mrs. Webster's vacation and a generous clothing allowance is noted. We view this itemization, as did the administrative law judge and the Industrial Commission, as being a reasonable estimate of her annual expenses to maintain her accustomed station in life. Plaintiff does not seriously question any of the amounts listed. However, Mrs. Webster testified that the mortgage on her house would be paid within three months which would decrease her annual expenses to $14,350.95. In computing her annual income, the administrative law judge included the interest on her money market certificates which amounted to approximately $8,000. Mrs. Webster had not been spending the interest but had allowed it to accumulate so as to increase the amount on deposit. The Commission agreed that her interest income should be included as money available for her support. That interest, together with her social security disability and her husband's retirement, brought her annual income to $15,374. This is approximately $1,000 more than her own estimate of living expenses which she projected for the next twelve months. In view of this excess of income over expenses, we are forced to conclude that the Commission's determination of partial dependency and the award of benefits to Mrs. Webster was erroneous. Giving Mrs. Webster the full benefit of her own estimates of expenses and income, it appears that the three sources of income available to her would more than cover her anticipated expenses. The award to her must therefore be vacated.

In view of our decision stated above, it is unnecessary for us to determine whether any extended benefits would be paid by plaintiff as a self-insurer or whether they would be paid by the Second Injury Fund.

Award vacated.

HALL, C.J., STEWART, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.